**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
**Jon M. Egan, PC**
240 Sixth Street
Lake Oswego, OR 97034-2931
Telephone:  (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NANCY ALLISON** and **HOLLY BURNEY**, both in their individual capacities and, in addition, as a collective action on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**SCOTT DOLICH** and **PARK KITCHEN LLC**, an Oregon limited liability company<br><br>Defendants. | Case No.  3:14-cv-1005-____<br><br><br>VERIFIED INDIVIDUAL AND COLLECTIVE ALLEGATION COMPLAINT<br><br>(FEDERAL WAGE CLAIMS)<br><br>Demand for Jury Trial |

### COMPLAINT—INDIVIDUAL AND COLLECTIVE ACTION

Holly Burney and Nancy Allison (hereinafter collectively "Plaintiffs"), suing both in their capacities as individuals and, in addition, in a collective action capacity on behalf of others similarly situated, complain as follows against Scott Dolich and Park Kitchen LLC (together, "PARK KITCHEN").

**Verified Individual and Collective Allegation Complaint**          Page 1

## PRELIMINARY STATEMENT

1.

This is an individual and collective action under federal wage and hour laws for certain present and former employees of PARK KITCHEN to recover unpaid minimum wages, liquidated damages and declaratory relief. In addition, the named Plaintiffs seek to recover additional economic, noneconomic, liquidated and punitive damages and declaratory relief for their individual claims. Plaintiffs requested the production of their time and pay records from Defendants before this litigation, but Defendants refused to produce them. All allegations herein are therefore made to the best of Plaintiffs' and their counsel's good-faith knowledge, information and belief, based upon the public records and other evidence available to them prior to litigation, before the parties have had the chance to conduct full discovery, and Plaintiffs reserve the right to amend their allegations following completion of discovery.

2.

Plaintiffs' tip pool claims are being filed at the present time in order to preserve the statute of limitations. However, the Ninth Circuit currently has before it a case that will decide the legality or illegality of Defendants' tip pool. The case of *Oregon Restaurant and Lodging et al. v. Thomas Perez et al.*, Case No. 13-35765, is currently fully briefed and awaiting oral argument at the Ninth Circuit. Plaintiffs will therefore be moving to abate their tip pool claims until that case is resolved. In the event that Judge Mosman's ruling in that case (USDC No. 3:12-cv-01261-MO) is upheld and the U.S. Department of Labor's regulations are declared invalid, Plaintiffs will dismiss their tip pool claims voluntarily. In the event that the Ninth Circuit overturns Judge Mosman's ruling and the U.S. Department of Labor's regulations are upheld, Plaintiffs will be proceeding with

**Verified Individual and Collective Allegation Complaint**     Page 2

the tip pool claims.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over the subject matter of this complaint pursuant to 29 U.S.C. § 216 (Fair Labor Standards Act ("FLSA")), 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1337 (Actions arising under acts of Congress relating to commerce).

4.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(1) and (2) because PARK KITCHEN resides and transacts business in this district, Plaintiffs were employed by PARK KITCHEN in this district, and acts and omissions that are the subject of this suit transpired in this district.

## PARTIES

5.

At all material times, Plaintiffs were residents and citizens of the State of Oregon. At all material times, Plaintiffs and the Collective members were employees of PARK KITCHEN.

6.

Defendant Park Kitchen LLC is an Oregon limited liability company that at all material times was registered with the Oregon Secretary of State as doing business in Oregon, with Defendant Scott Dolich as its only listed member. At all material times, and with respect to the incidents alleged in this Complaint, Mr. Dolich and Park Kitchen LLC were the employers of Plaintiffs and Collective members and/or acted directly and indirectly in the interest of each other and/or intentionally and willfully aided, abetted, incited, compelled, coerced, conspired and acted in furtherance of such conspiracy with

**Verified Individual and Collective Allegation Complaint**          Page 3

each other regarding, and/or negligently allowed, such actions with regard to such employment.

## COMMON FACTS

7.

PARK KITCHEN required Plaintiffs and the other Collective members to pool their tips with the general manager (whether or not she was present in the restaurant), and with the back-of-the-house staff. Neither the general manager nor the back-of-the-house staff are traditionally tipped employees. The tip pool was therefore not valid under the FLSA. See 29 C.F.R. §§ 531.50 et seq., as amended April 5, 2011. In the absence of a valid tip pool, tipped employees must be allowed to keep all of their tips in addition to the minimum cash tipped wage paid by the employer. That did not happen, so the employees were supposed to receive the entire federal minimum wage in cash in addition to all of their tips. The tips taken from the tipped employees and given to those nontipped employees were substantial—enough to reduce the tipped employees' wages below the respective federal minimum wage for the respective workweeks.

8.

PARK KITCHEN often issued checks to Plaintiffs and Collective members after the regular payday on which such checks were due. In doing so, it failed to pay them the minimum wage on payday, when it was due.

9.

At all relevant times, Plaintiffs and Collective members were employed at or under the applicable Oregon minimum wage, which in turn was very near the applicable federal minimum wage. For each Plaintiff and Collective member, nonpayments and deductions from pay as enumerated herein reduced their pay for a given workweek

**Verified Individual and Collective Allegation Complaint**          Page 4

below the level of the applicable minimum wage for that workweek.

### FACTS APPLICABLE TO NAMED PLAINTIFFS' INDIVIDUAL CLAIMS

10.

Plaintiff Nancy Allison opposed PARK KITCHEN's illegal tip pool, both by complaining about it to PARK KITCHEN and by discussing its illegality with other employees. She was terminated in retaliation for that opposition, with the employer telling her in connection with her termination, "The last thing I need is a labor union breathing down my neck." She was also told that her termination was a result of her "toxic attitude," though she had never been disciplined in over four years of working there.

11.

Plaintiff Holly Burney opposed PARK KITCHEN's illegal tip pool, by complaining about it to PARK KITCHEN, by raising its illegality (and the illegality of an apron deduction) with other employees (including in staff meetings), and by refusing to "voluntarily" agree in writing to the illegal tip pool policy. She was terminated in retaliation for that opposition.

### COLLECTIVE ALLEGATIONS

12.

PARK KITCHEN engaged in acts and practices that violated the Collective members' rights under the FLSA. In addition to bringing this action individually on behalf of themselves, therefore, Plaintiffs also bring this action on behalf of all current and former employees who are similarly situated (the "Collective"). Plaintiffs allege that as a result of the nonpayments and deductions indicated herein, they and each of the other members of the Collective received less than the applicable federal minimum wage,

**Verified Individual and Collective Allegation Complaint**          Page 5

when those wages were due, for at least one workweek while in PARK KITCHEN's employ, in violation of § 6 of the FLSA (29 U.S.C. § 206). Obviously, for any employee who worked in excess of 40 hours in a given workweek, the same nonpayments and deductions will also result in an overtime violation under § 7 of the FLSA (29 U.S.C. § 207). Plaintiffs and the other Collective members are similarly situated in all relevant respects.

<b>FIRST CLAIM FOR RELIEF</b>

(FLSA Minimum Wage Claim, Individual Plaintiffs and Collective)

13.

All previous paragraphs are incorporated by reference herein.

14.

Pursuant to 29 U.S.C. § 206, PARK KITCHEN was required to pay Plaintiffs and the Collective members at least the amount of the federal minimum wage, when those wages were due, but willfully failed to do so, in at least two different respects:

a.  By taking their tips for a mandatory invalid tip pool; and

b.  By failing to pay them the minimum wage on payday.

15.

Plaintiffs and Collective members are entitled to collect the difference between their wages received when due and the federal minimum wages due in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

<b>SECOND CLAIM FOR RELIEF</b>

(FLSA Retaliation Claim, Individual Plaintiffs Only)

16.

All previous paragraphs are incorporated by reference herein.

17.

PARK KITCHEN terminated the named Plaintiffs in retaliation for complaining about, opposing and refusing to "voluntarily" agree in writing to its illegal tip pool, which are all protected activities under federal law.

18.

Pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b), Plaintiffs are entitled to full legal (including economic, noneconomic and punitive damages) and equitable relief and an additional equal amount as liquidated damages, as well as attorney fees, costs and expenses.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that the Court award such damages as set forth above and in amounts to be proven at trial; award attorney fees, costs and expenses; enter an order and judgment for declaratory relief; and order such further or alternative relief as the Court deems appropriate.

DATED this 18th day of June, 2014          JON M. EGAN, P.C.

*/s/ Jon M. Egan*

JON M. EGAN, OSB # 002467
(503) 697-3427
Attorney for Plaintiffs

*/s/ Holly Burney*                          */s/ Nancy Allison*

Holly Burney                                Nancy Allison

**Verified Individual and Collective Allegation Complaint**          Page 7