**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
**Jon M. Egan, PC**
240 Sixth Street
Lake Oswego, OR 97034-2931
Telephone:  (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **NANCY ALLISON** and **HOLLY BURNEY**, both in their individual capacities and, in addition, as a collective action on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**SCOTT DOLICH** and **ANNA JOSEPHSON**, individuals; and **PARK KITCHEN LLC**, an Oregon limited liability company,<br><br>Defendants. | Case No. 3:14-cv-01005-AC<br><br><br>FIRST AMENDED INDIVIDUAL AND COLLECTIVE ALLEGATION COMPLAINT<br><br>(FEDERAL WAGE CLAIMS)<br><br>Demand for Jury Trial |

### COMPLAINT—INDIVIDUAL AND COLLECTIVE ACTION

Holly Burney and Nancy Allison (hereinafter collectively "Plaintiffs"), suing both in their capacities as individuals and, in addition, in a collective action capacity on behalf of others similarly situated, complain as follows against Scott Dolich, Anna Josephson, and Park Kitchen LLC (together, "Defendants").

**First Amended Individual and Collective Allegation Complaint**      Page 1

## PRELIMINARY STATEMENT

### 1.

This is an individual and collective action under federal wage and hour laws for certain present and former employees of Defendants to recover unpaid minimum wages, liquidated damages and declaratory relief. In addition, the named Plaintiffs seek to recover additional economic, noneconomic, liquidated and punitive damages and declaratory relief for their individual claims. Plaintiffs requested the production of their time and pay records from Defendants before this litigation, but Defendants refused to produce them. All allegations herein are therefore made to the best of Plaintiffs' and their counsel's good-faith knowledge, information and belief, based upon the public records and other evidence available to them prior to litigation, before the parties have had the chance to conduct full discovery, and Plaintiffs reserve the right to amend their allegations following completion of discovery.

## JURISDICTION AND VENUE

### 2.

This Court has jurisdiction over the subject matter of this complaint pursuant to 29 U.S.C. § 216 (Fair Labor Standards Act ("FLSA")), 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1337 (Actions arising under acts of Congress relating to commerce).

### 3.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside and transact business in this district, Plaintiffs were employed by Defendants in this district, and acts and omissions that are the subject of this suit transpired in this district.

## PARTIES

4.

At all material times, Plaintiffs were residents and citizens of the State of Oregon. At all material times, Plaintiffs and the Collective members were employees of Defendants.

5.

Defendant Park Kitchen LLC is an Oregon limited liability company that at all material times was registered with the Oregon Secretary of State as doing business in Oregon, with Defendant Scott Dolich as its only listed member, and Defendant Anna Josephson as its General Manager. At all material times, and with respect to the incidents alleged in this Complaint, Defendants were the employers of Plaintiffs and Collective members and/or acted directly and indirectly in the interest of each other and/or intentionally and willfully aided, abetted, incited, compelled, coerced, conspired and acted in furtherance of such conspiracy with each other regarding, and/or negligently allowed, such actions with regard to such employment.

## COMMON FACTS

6.

Defendants required Plaintiffs and the other Collective members to pool their tips with the General Manager Defendant Anna Josephson (whether or not she was present in the restaurant), with other Managers, and with the back-of-the-house staff. General Manager Defendant Anna Josephson and the other Managers are Plaintiffs' and the Collective Members' statutory employers, and neither Defendant Anna Josephson, the other Managers, or the back-of-the-house staff are traditionally tipped employees. The tip pool was therefore not valid under the FLSA. *See* 29 C.F.R. §§ 531.50 et seq., as amended April 5, 2011. In the absence of a valid tip pool, tipped employees must be

**First Amended Individual and Collective Allegation Complaint**        Page 3

allowed to keep all of their tips in addition to the minimum cash tipped wage paid by the employer. That did not happen, so the employees were supposed to receive the entire federal minimum wage in cash in addition to all of their tips. The tips taken from the tipped employees and given to those nontipped employees were substantial—enough to reduce the tipped employees' wages below the respective federal minimum wage for the respective workweeks.

7.

Defendants often issued checks to Plaintiffs and Collective members after the regular payday on which such checks were due. In doing so, they failed to pay them the minimum wage on payday, when it was due.

8.

At all relevant times, Plaintiffs and Collective members were employed at or under the applicable Oregon minimum wage, which in turn was very near the applicable federal minimum wage. For each Plaintiff and Collective member, nonpayments and deductions from pay as enumerated herein reduced their pay for a given workweek below the level of the applicable minimum wage for that workweek.

**FACTS APPLICABLE TO NAMED PLAINTIFFS' INDIVIDUAL CLAIMS**

9.

Plaintiff Nancy Allison opposed Defendants' illegal tip pool, both by complaining about it to Defendants and by discussing its illegality with other employees. She was terminated in retaliation for that opposition, with Defendant Scott Dolich telling her in connection with her termination, "The last thing I need is a labor union breathing down my neck." She was also told that her termination was a result of her "toxic attitude," though she had never been disciplined in over four years of working there.

**First Amended Individual and Collective Allegation Complaint**    Page 4

10.

Plaintiff Holly Burney opposed Defendants' illegal tip pool, by complaining about it to Defendants, by raising its illegality (and the illegality of an apron deduction) with other employees (including in staff meetings), and by refusing to "voluntarily" agree in writing to the illegal tip pool policy. She was terminated in retaliation for that opposition.

## COLLECTIVE ALLEGATIONS

11.

Defendants engaged in acts and practices that violated the Collective members' rights under the FLSA. In addition to bringing this action individually on behalf of themselves, therefore, Plaintiffs also bring this action on behalf of all current and former employees who are similarly situated (the "Collective"). Plaintiffs allege that as a result of the nonpayments and deductions indicated herein, they and each of the other members of the Collective received less than the applicable federal minimum wage, when those wages were due, for at least one workweek while in Defendants' employ, in violation of § 6 of the FLSA (29 U.S.C. § 206). Obviously, for any employee who worked in excess of 40 hours in a given workweek, the same nonpayments and deductions will also result in an overtime violation under § 7 of the FLSA (29 U.S.C. § 207). Plaintiffs and the other Collective members are similarly situated in all relevant respects.

## FIRST CLAIM FOR RELIEF

(FLSA Minimum Wage Claim, Individual Plaintiffs and Collective)

12.

All previous paragraphs are incorporated by reference herein.

**First Amended Individual and Collective Allegation Complaint**     Page 5

13.

Pursuant to 29 U.S.C. § 206, Defendants were required to pay Plaintiffs and the Collective members at least the amount of the federal minimum wage, when those wages were due, but willfully failed to do so, in at least two different respects:

a. By taking their tips for a mandatory invalid tip pool; and

b. By failing to pay them the minimum wage on payday.

14.

Plaintiffs and Collective members are entitled to collect the difference between their wages received when due and the federal minimum wages due in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

(FLSA Retaliation Claim, Individual Plaintiffs Only)

15.

All previous paragraphs are incorporated by reference herein.

16.

Defendants terminated the named Plaintiffs in retaliation for complaining about, opposing and refusing to "voluntarily" agree in writing to the illegal tip pool, which are all protected activities under federal law.

17.

Pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b), Plaintiffs are entitled to full legal (including economic, noneconomic and punitive damages) and equitable relief and an additional equal amount as liquidated damages, as well as attorney fees, costs and expenses.

**First Amended Individual and Collective Allegation Complaint**        Page 6

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court award such damages as set forth above and in amounts to be proven at trial; award attorney fees, costs and expenses; enter an order and judgment for declaratory relief; and order such further or alternative relief as the Court deems appropriate.

DATED this 28th day of September, 2014      JON M. EGAN, P.C.

*s/ Jon M. Egan*

_____
JON M. EGAN, OSB # 002467
(503) 697-3427
Attorney for Plaintiffs

**First Amended Individual and Collective Allegation Complaint**      Page 7