UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

NANCY ALLISION and HOLLY BURNEY,
both in their individual capacities and, in
addition, as a collective action on behalf of
others similarly situated,

                    Plaintiffs,

        v.

SCOTT DOLICH and ANNA JOSEPHSON,
individuals, and PARK KITCHEN LLC,
an Oregon limited liability company,

                    Defendants.

_____

Case No.: 3:14-CV-1005-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiffs Nancy Allison and Holly Burney (collectively "Plaintiffs") brought this collective[1]

---

[1] At least four other Park employees, Rebecca Elroy, Teal Garrels, Elisabeth McElligott, and
Bradford Bohrer, have filed consents to join in this action as collective members.

and individual action against their prior employer seeking damages for violations of the Fair Labor Standards Act (29 U.S.C. §§ 201 - 219) (the "Act"). Plaintiffs move the court to stay this action pending resolution of a related state court action under the teachings of *Colorado River Water Conservation. Dist. v. United States*, 424 U.S. 800 (1976).[2] Defendants Park Kitchen LLC ("Park"); The Bent Brick ("Bent Brick"); Scott Dolich ("Dolich"); and Anna Josephson ("Josephson") (collectively "Defendants") oppose the motion, arguing the state action will not resolve the issues raised in this action and Plaintiffs are engaged in forum shopping.

The court finds the actions are not substantially similar and the other *Colorado River* factors weigh in favor of denial of a stay. Accordingly, Plaintiffs' motion to stay is denied.[3]

*Background*

I. The Federal Action

Plaintiffs filed this action on June 20, 2014 (the "Federal Action"). In the Second Amended Complaint filed on December 25, 2015 (the "Federal Complaint"), Plaintiffs allege Defendants violated the Act by requiring Plaintiffs and the collective members to participate in a mandatory invalid tip pool and failing to pay Plaintiffs and the collective members the federal minimum wage

---

[2]In their reply brief, Plaintiffs argue for the first time the court should stay this action under its inherent authority to manage its docket. Generally, a party waives any argument raised for the first time in a reply brief. *U.S. ex. rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1199 n.1 (9th Cir. 2009). Additionally, this district has previously found a motion to stay based on the existence of a parallel state court action should be analyzed under *Colorado River*, not the court's inherent authority to stay proceedings. *Dufresne's Auto Serv. Inc. v. Shell Oil Co.*, Civ. No. 90-1006-JU, 1991 WL 499880, *2 (D. Or. April 12, 1991). The court will not consider Plaintiffs' motion to stay under its inherent authority.

[3]The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c)(1).

on payday.  (Second Am. Compl. ¶ 13.)  Specifically, Plaintiffs allege Defendants required employees to pool their tips and share them with managers and back-of-the-house employees who are not traditionally tipped employees, and that such tip pool was not valid under the Act.  (Second Am. Compl. ¶ 6.)  As a result of the allegedly illegal tip pool, employees were paid less than the federal minimum wage to which they were entitled.  (Second Am. Compl. ¶¶ 11, 13.)  Plaintiffs additionally allege Defendants violated the Act by terminating Plaintiffs in retaliation for their complaints about the alleged wage violations.  (Second Am. Compl. ¶ 16.)

On March 15, 2015, Defendants moved for partial summary judgment against the wage claims, arguing this court recently rejected identical tip-pooling claims in *Rocksmore v. Hanson*, No. 3:14-cv-01114-MO, 2015 WL 852938 (D. Or. Feb. 14, 2015), which finding is supported by the Ninth Circuit's holding in *Cumbie v. Woody-Woo, Inc.*, 596 F.3d 577 (9th Cir. 2010).  Defendants additionally relied on *Oregon Rest. & Lodging v. Solis*, 948 F. Supp. 2d 1217 (D. Or. 2013), currently on appeal before the Ninth Circuit.  The following week, Defendants filed a motion to to stay discovery pending a ruling on the motion for partial summary judgment.

On April 9, 2015, Plaintiffs opposed Defendants' motion to stay discovery and filed the instant motion to stay the entire action under the *Colorado River* doctrine.  Plaintiffs argue the stay is appropriate in light of the substantially similar action pending in state court which will resolve most, if not all, of the issues in this case.  Plaintiffs filed their opposition to Defendants' motion for partial summary judgment the next day.

II.  The State Action

Plaintiffs filed an action in the Circuit Court of the State of Oregon for the County on Multnomah on June 23, 2014, alleging violations of Oregon's wage and hour laws, as well as other

common-law claims, against Dolich and Park (the "State Action"). Specifically, Plaintiffs asserted claims for unpaid wages and wrongful deductions in violation of Chapter 652 of the Oregon Revised Statutes, retaliation in violation of Chapters 652, 653 and 659A of the Oregon Revised Statutes, and common-law claims for conversion, intentional interference with prospective economic advantage, return of money, restitution, unjust enrichment, money had and received, and wrongful termination (the "State Complaint").[4]

Defendants removed the State Action to this court on July 24, 2014, pursuant to 28 U.S.C. § 1441(a), asserting Plaintiff's claims for conversion, minimum wage violations, and unjust enrichment are based squarely on the Act. Plaintiffs moved to remand the State Action arguing the removal was procedurally deficient and their claims do not involve a controversy arising under the laws of the United States as required under 28 U.S.C. § 1441(a). Specifically, Plaintiffs contended their claims did not "necessarily" raise federal issues and the resolution of any peripheral federal issue would not be dispositive of the claims alleged in the State Complaint. The primary issue was whether the claims hinged on a finding Defendants' tipping practice was invalid under the Act. This court rejected Plaintiffs' procedural deficiency argument but remanded the State Action after finding the legality of Defendants' tip pool policy under the Act was not an element of any of the claims alleged in the State Complaint and Defendants' rights under the Act were a peripheral issue at best.[5] *Allison v. Dolich*, No. 3:14-CV-1179-AC, 2014 WL 7240676, *7 (D. Or. Dec. 16, 2014).

---

[4]The court is basing this summary on the complaint filed in this court. The parties have not provided the court with any subsequent amended complaint filed in state court.

[5]This court noted the parties both argued the Act did not apply to the claims alleged in the state action. *Id.*

Accordingly, the State Action did not raise a substantial issue of federal law and did not support federal jurisdiction. *Id*.

In late February 2015, Defendants filed a motion to dismiss the State Action in state court relying on OR. R. CIV. P. 21(A)(3) and the prior-action-pending doctrine. (Egan Decl. Ex. 1.) Defendants argued the State Action involved the same parties and cause, and was based on the same factual transaction as the Federal Action. (Egan Decl. Ex. 1 at 2, 5.) Plaintiffs opposed the motion, asserting Rule 21(A)(3) does not apply when one action is pending in federal court, the State Action and the Federal Action do not involve the same cause, and Plaintiffs would be deprived of their right to proceed as a class or receive a fair jury trial if limited to federal court. (Dudrey Decl. Ex. 1.) With regard to the same-cause factor, Plaintiffs argued Oregon's wage and hour laws do not have a federal counterpart, violation of Oregon's wage and hour laws does not equate to a violation of the Act, and an individual's rights under state wage and hour laws provide greater protections for workers and are distinct from those under the Act. (Dudrey Decl. Ex. 1 at 5, 7-8, 12-13.) On May 5, 2015, the state court denied Defendants' motion to dismiss in a one-sentence order. (Egan Decl. Ex. 3.)

*Legal Standard*

Generally, as between state and federal courts, the pendency of an action in state court does not bar proceedings concerning the same matter in the federal court having jurisdiction. *McClellan v. Carlan*, 217 U.S. 268, 282 (1910). Rather, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. *Colorado River*, 424 U.S. at 817. However, for purposes of wise judicial administration, abstention by a federal court due to the presence of a concurrent state proceeding is permitted under certain "limited" and "exceptional" circumstances. *Colorado River*, 424 U.S. at 818. The task of the federal court then becomes to ascertain whether "exceptional'

circumstances and the "clearest of justifications" exist that can suffice to justify the surrender of

jurisdiction by the district court – not to find some substantial reason for the exercise of that

jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983).

Several factors are relevant to determining whether abstention under *Colorado River* is

appropriate. First, however, is the dispositive factor of whether the state court judgment will resolve

all of the issues before the federal court. *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002).

"[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal

action precludes granting of a stay." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913

(9th Cir. 1993). The remaining non-exclusive factors include those originally considered by the

Supreme Court in *Colorado River*: (1) whether either court has assumed jurisdiction over property

to the exclusion of other courts; (2) the inconvenience of the federal forum; (3) the desirability of

avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent

forums. *Colorado River*, 424 U.S. at 818-19. This list of considerations was subsequently expanded

by the Supreme Court to include: (5) whether state or federal law provides the rule of decision on

the merits; and (6) whether the state-court proceeding can adequately protect the rights of the parties.

*Moses*, 460 U.S. at 23, 26. Finally, in the Ninth Circuit, courts also should consider the additional

factor of whether exercising jurisdiction would promote forum shopping. *R.R. Street & Co. Inc. v.

Transport Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011).

The decision of whether a federal court should abstain from hearing a federal claim because

of parallel state-court litigation does not rest on a "mechanical" application of these factors. *Moses*,

460 U.S. at 16. Rather, when considering abstention under the *Colorado River* doctrine, a court

should carefully balance these factors as they apply in a given case. *Id*. The weight of these factors

may vary greatly from case-to-case, depending on the particular circumstances. *Id.* "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818-19. However, any doubt as to whether a factor exists should be resolved against a stay. *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990).

*Discussion*

The first, and primary, question to be addressed is whether the State Action will resolve the issues raised in the Federal Action. Plaintiffs acknowledge the State and Federal Actions are not identical but argue the "resolution of the state wage-and-hour and retaliation claims will resolve most if not all of the issues underlying the federal wage-and-hour and retaliation claims." (Cross-Mot. for Stay under *Colorado River* Doctrine ("Mot. to Stay") at 4.) Defendants contend this argument is contrary to Plaintiffs' previous representations the State and Federal Actions are wholly distinct in support of their motion to remand, and in opposition to the motion to dismiss, the State Action. Defendants further argue a ruling on the claims alleged in the State Complaint will not resolve the issues raised in the Federal Complaint.

The claims alleged in both the State and Federal Complaints rely on the same underlying facts. Resolution of issues of fact in the State Action will likely resolve similar issues raised in the Federal Action. However, while the parties have not engaged in much discovery to date, the factual underpinnings for the wage and hour claims should not be in dispute to any great degree. The claims rely on the handling of the tips, the wages paid, and the dates of the paychecks, all clearly documented in payroll records. The determinative issue on the wage and hour claims is whether the payroll records reveal a violation of the relevant wage and hour statutes. The Federal Action relies

on the Act, which contains a specific provision governing the propriety of an employer's tip-pooling practice, and requires a unique analysis of whether the employer used or claimed a tip credit and the validity of the Department of Labor's regulations on tip pools. The Federal Complaint specifically alleges Defendants' mandatory tip pool violates the Act. The State Complaint does not rely in any way on the legality of the tip pool under federal law, a position asserted by Plaintiffs in their motion to remand. Even if the State Action resulted in evidentiary rulings relevant to the legality of Defendants' tip pool under the Act, this court would not still be required to apply those rulings to the Act to resolve Plaintiffs' tip-pooling claim.

Similarly, a ruling by the State Court in Plaintiffs' favor on their state minimum wage claim does not resolve the corollary federal claim. The Oregon minimum wage was higher than the federal minimum wage during the relevant period. Defendants could be found liable for violating the state wage and hours laws while being in compliance with the Act.

Plaintiffs allege retaliation claims based on reports of unlawful employment practices. As Oregon's wage and hour laws differ from the Act, conduct supporting claims of unlawful employment under these statutory schemes will not necessarily be the same. In the Federal Complaint, Plaintiffs allege Defendants retaliated against them for "complaining about, opposing and refusing to 'voluntarily' agree in writing to the illegal tip pool, which are all protected activities under federal law." (Second Am. Compl. at ¶ 16.) The allegations supporting Plaintiffs' retaliation claims in the State Complaint are much broader than those in the Federal Complaint, referencing violations of state and federal laws, both civil and criminal. A determination in the State Action in Plaintiffs' favor on their retaliation claims will not definitively resolve Plaintiffs' retaliation claims in the Federal Action.

Finally, the court can identify no issue in the Federal Action which would be resolved by a ruling on the common-law claims in the State Action. The common-law claims are predominantly equitable claims while the Federal Complaint alleges only statutory claims.

A judgment in the State Action, while possible providing some guidance on the issues raised in the Federal Complaint, will not resolve the Federal Action. The United States Supreme Court has squarely directed district courts to stay litigation under *Colorado River* only if it has "full confidence" the parallel state proceeding will adequately, completely, and promptly resolve the issues between the parties. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988). The absence of any doubt, much less the existence of a substantial doubt, the State Action will resolve the Federal Action precludes the granting of a stay.

This conclusion is bolstered by consideration of the other *Colorado River* factors. The first two factors are neutral, as no property is involved and the state and federal courthouses are equally convenient because they are within two blocks of one another. The court has determined a stay will not avoid piecemeal litigation and that federal law will govern the claims alleged in the Federal Complaint, factors also supporting a denial of the request for stay. The order in which jurisdiction was obtained is not measured exclusively by which complaint was filed first but is measured in terms of how much progress has been made in the actions. *Moses*, 460 U.S. at 21. Plaintiff filed the Federal Action first and the State Action was in federal court for nearly five months. This court has issued rulings on motions to quash subpoenas, toll the statute of limitations, and to add an additional defendant; it will address a motion to compel and motion to stay discovery at oral argument on this pending motion to stay the action; and has before it a fully-briefed motion for partial summary judgment currently set under advisement on June 22, 2015. It appears the state court has ruled on

a motion to dismiss and designated the State Action as complex, which likely will extend the duration of the State Action . Thus, the Federal Action has progressed further than the State Action, weighing in favor of denial of the motion to stay.  Defendants assert Plaintiffs are engaged in forum shopping, which may be true but Defendants could be equally as guilty, making the factor neutral. Plaintiffs cursorily state "Oregon courts are more than adequate to protect any federal rights the defendants wish to assert." (Mot. to Stay at 5.)  Plaintiffs do not present authority establishing that state courts are authorized to enforce the Act, or equally adequate to interpret and apply a provision of the Act which has no state-law counterpart.  In the absence of such authority, this factor is neutral.

At a minimum, substantial doubt exists on the question of  whether a judgment in the State Action will resolve the Federal Action, precluding the issuance of a stay.  The remaining factors are either neutral or support the denial of Plaintiffs' motion for stay.  In light of these findings, and the "virtually unflagging obligation" of federal courts to exercise their jurisdiction, Plaintiffs' motion to stay this action pending resolution of the State Action must be denied.

*Conclusion*

Plaintiffs' motion (#64) to stay this action pending resolution of the State Action is DENIED.

DATED this 29th day of May, 2015.

_/s/ John V. Acosta_
JOHN V. ACOSTA
United States Magistrate Judge
