UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

NANCY ALLISON and HOLLY BURNEY, both in their individual capacities and, in addition, as a collective action on behalf of others similarly situated,

Plaintiffs,

v.

SCOTT DOLICH and ANNA JOSEPHSON, individuals, and PARK KITCHEN LLC, an Oregon limited liability company,

Defendants.

Case No.: 3:14-CV-1005-AC

OPINION AND ORDER

---

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiffs Nancy Allison ("Allison") and Holly Burney ("Burney") (collectively "Plaintiffs") brought this collective action against their prior employer seeking damages for violations of the Fair

Labor Standards Act (29 U.S.C. §§ 201 - 219) (the "Act").[1] Plaintiffs now seek preliminary certification of their collective action and leave to issue notice to putative class members. Defendants Park Kitchen LLC ("Park"); The Bent Brick ("Bent Brick"); Scott Dolich ("Dolich"); and Anna Josephson ("Josephson") (collectively "Defendants") argue Plaintiffs assert a claim to recover unpaid tips not privately actionable under the Act. Defendants also contend certification is not warranted based on the absence of interested collective members and extensive media attention.

The court finds Plaintiffs have offered sufficient evidence that other putative plaintiffs wish to opt-in to this collective action, the general media attention did not provide specifics with regard to putative plaintiff's right to opt-in, and Plaintiffs have a viable claim for a minimum wage violation under the Act. Accordingly, Plaintiffs' motion to conditionally certify this case as a collective action under the Act is granted, Defendants' motion for partial summary judgment on Plaintiffs' First Claim for Relief is denied, and Plaintiffs' cross-motion for partial summary judgment on their First Claim for Relief for minimum wage violation based on required participation in an invalid tip pool is granted with regard to liability only.

*Preliminary Procedural Matters*

The Act allows an employee to recover unpaid minimum wages or unpaid overtime compensation. 29 U.S.C. §216(b) (2016). In response to Plaintiffs' motion for preliminary certification, Defendants argue Plaintiffs' claims should be considered claims for unpaid tips, not unpaid minimum wages, based in part, on the court's previous ruling Defendants' paid Plaintiffs the federal minimum wage. Accordingly, Defendants assert Plaintiffs are unable to state a claim under

[1]Plaintiffs also alleged individual claims for retaliation based on their termination after complaining about the alleged violations which are not relevant to the issues currently before the court.

the Act. At a July 13, 2016 discovery conference, the parties and the court agreed to view Defendants' response as a motion for partial summary judgment. At oral argument, the parties and the court agreed to view Plaintiffs' surreply as a cross-motion for partial summary judgment on the merits of the minimum-wage claim based on required participation in an invalid tip pool.

*Background*

In the Second Amended Complaint filed on December 25, 2014 (the "Complaint"), Plaintiffs allege Defendants violated the Act by requiring Plaintiffs, and the collective members, to participate in a mandatory invalid tip pool and failing to pay Plaintiffs, and the collective members, the federal minimum wage. (Second Am. Compl. ¶ 13.) Specifically, Plaintiffs allege Defendants violated 29 U.S.C. §203(m), which limits an employers' ability to manipulate its employees' tips. Section 203(m) provides, in pertinent part:

> In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to –
>
> > (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on [August 20, 1996, which was $2.13 an hour]; and
> >
> > (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under [19 U.S.C. § 206(a) which is $7.25 an hour].
>
> The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

29 U.S.C. § 203(m) (2016). As factual support for their tip-pooling claims, Plaintiffs allege:

> 6.
>
> Defendants required Plaintiffs and the other Collective members to pool their tips with the General Manager Defendant Anna Josephson (whether or not she was present in the restaurant), with other Managers, and with the back-of-the-house staff. General Manager Defendant Anna Josephson and the other Managers are Plaintiffs' and the Collective Member's statutory employers, and neither Defendant Anna Josephson, the other Managers, or the back-of-the-house staff are traditionally tipped employees. The tip pool was therefore not valid under the FLSA. See 29 C.F.R. §§ 531.50 et seq., as amended April 5, 2011. In the absence of a valid tip pool, tipped employees must be allowed to keep all of their tips in addition to the minimum cash tipped wage paid by the employer. That did not happen, so the employees were supposed to receive the entire federal minimum wage in cash in addition to all of their tips. The tips taken from the tipped employees and given to those nontipped employees were substantial – enough to reduce the tipped employees' wages below the respective federal minimum wage for the respective work weeks.
>
> * * *
>
> 8.
>
> At all relevant times, Plaintiffs and Collective members were employed at or under the applicable Oregon minimum wage, which in turn was very near the applicable federal minimum wage. For each Plaintiff and Collective member, nonpayments and deductions from pay as enumerated herein reduced their pay for a given workweek below the level of the applicable minimum wage for that workweek.

(Second Am. Individual and Collective Allegation Compl., ECF No. 48 ("Second Am. Compl."), ¶¶ 6, 8.) Accordingly, Plaintiffs allege Defendants violated 29 U.S.C. § 206 by failing to pay them the federal minimum wage when such wage was due. (Second Am. Compl. ¶¶ 11,13.)

On December 7, 2015, the court granted Defendants' motion for partial summary judgment against Plaintiffs' minimum wage claim, relying on Judge Mosman's analysis set forth in *Rocksmore v. Hanson*, No. 3:14-cv-01114-MO, 2015 WL 852938 (D. Or. Feb. 14, 2015) and *Oregon Rest. & Lodging v. Solis*, 948 F. Supp. 2d 1217 (D. Or. 2013). *Allison v. Dolich*, 148 F. Supp. 3d

1142, 1154-55 (D. Or. 2015). Judge Mosman held the formal rule promulgated by the Department of Labor ("Department")[2] in 2011 ("2011 Rule") extending the tip credit and related restrictions found in 29 U.S.C. § 203(m) to all employers, not just those taking the tip credit, was contrary to clear congressional intent and invalid. *Solis*, 948 F. Supp. 2d at 1218, 1226. Judge Mosman then followed the Ninth Circuit's ruling in *Cumbie v. Woody Woo, Inc.*, 596 F3d 577, 583 (9th Cir. 2010), finding that employers who pay employees the federal minimum wage are not subject to, and therefore not in violation of, 29 U.S.C. § 203(m). Adopting Judge Mosman's reasoning, the court specifically found Defendants paid Plaintiffs a wage in excess of the federal minimum wage and did not take a trip credit under 29 U.S.C. § 203(m). *Id*. at 1155. Therefore, Defendants were not subject to the tip-pool restriction found in that statute. *Id*.

On February 23, 2016, the Ninth Circuit reversed *Solis*, finding the 2011 Rule was closely aligned with congressional intent, reasonable, and enforceable. *Oregon Rest. & Lodging v. Perez*, 816 F.3d 1080, 1090 (9th Cir. 2016). The Ninth Circuit relied, in part, on legislative history differentiating between tips and wages and explaining "under the 1974 amendments tips must be retained by the employees . . . and cannot be paid to the employer *or* otherwise used by the employer to offset his wage obligation, except to the extent permitted by section [2]03(m)." *Id*. (quoting S. Rep. No. 95-440 at 368 (1977)(emphasis in original). The Ninth Circuit found the use of the word "or" "implies that the only acceptable use by an employer of employee tips is a tip credit" and that *Cumbie* "does not foreclose the DOL's ability to regulate tip pooling practices of employers who do not take a tip credit." *Id*.

---

[2]Congress authorized the Department to promulgate necessary rules, regulations, or orders with regard to the Act.

On March 4, 2016, the court granted Plaintiffs' oral motion to reinstate the tip pool claims and vacate the December 2015 opinion "to the extent inconsistent with the Ninth Circuit's recent decision in [Solis]." (Supp. Order dated March 4, 2016, ECF No. 91.) Plaintiffs filed their Motion for Conditional FLSA Collective Certification on March 31, 2016.

*Legal Standards*

I. Collective Class Certification

Section 216(b) of the Act authorizes an employee to maintain an action against an employer for violations of the Act on behalf of the employee and "other employees similarly situated." 29 U.S.C. § 216(b). "In determining whether or not to certify a collective action, the core inquiry is whether the putative class members are 'similarly situated.' This court considers the term 'similarly situated' in light of the purposes and goals of a collective action." *Sheffield v. Orius Corp.,* 211 F.R.D. 411, 413 (D. Or. 2002) (internal citations omitted). Thus, the "similarly situated" standard under § 216(b) is a "less stringent" standard than a class action motion governed by Federal Rule of Civil Procedure 23. *Id*. at 412. For the purposes of § 216(b), a plaintiff need demonstrate only a reasonable basis for a claim the employer acted on a class-wide basis. *McElmurry v. U.S. Bank Nat'l Ass'n*, No. CV 04-462-HU, 2005 WL 2492932, at *5 (D. Or. Oct. 7, 2005) (citing *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1097 (11th Cir.1996). This burden can be satisfied by a modest factual showing plaintiffs and potential plaintiffs were victims of a common policy or plan that violated the law. *Ballaris v. Wacker Siltronic Corp.*, No. 00-1627-KI, 2001 WL 1335809, at *2 (D. Or. Aug. 24, 2001) (citations omitted). The claims and positions of the employees need not be identical. *Id*. The district court has discretion to determine whether a collective action is appropriate . *Hargrove v. Sykes Enters., Inc.,* No. CIV. 99-110-HA, 1999 WL 1279651, at *3 (D. Or. June 30, 1999) (citing

*Grayson*, 79 F.3d at 1097). When deciding whether the conditionally certify a collective action, the court uses a fairly lenient standard. *McElmurry*, 2005 WL 2492932, at *3.

II. Summary Judgment

Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2016). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id*. at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of North America*, 638 F.2d 136, 140 (9th Cir. 1981).

However, deference to the nonmoving party has limits. A party asserting that a fact cannot be true or is genuinely disputed must support the assertion with admissible evidence. FED. R. CIV. P. 56(c) (2016). The "mere existence of a scintilla of evidence in support of the [party's] position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations marks omitted).

*Discussion*

I. Collective Class Certification

Plaintiffs propose a class "consisting of all employees of Park Kitchen LLC and/or the Bent Brick LLC who worked in a non-salaried, traditionally tipped occupation (server or bartender) from June 20, 2011 to the present." (Mot. for Conditional FLSA Collective Certification, ECF No. 92, at 1.) Defendants do not dispute the employees identified in the class are similarly situated. Defendants do argue certification is inappropriate due to Plaintiffs' failure to offer evidence of other current or former employee's desire to join the action, and the substantial publicity the action has received, which alleviates the need for formal notice.

In addition to establishing putative members are similarly situated to each other and the named plaintiffs, a plaintiff who seeks collective action certification also must show such similarly situated employees wish to opt into the action. The "opt-in" aspect of § 216(b) means a potential plaintiff does not become a member of the class unless he or she gives written consent and the consent is filed with the court. *Hargrove,* 1999 WL 1279651 at *3. Thus, similarly situated employees become members of the class only by affirmatively choosing to join the class, and once

joined they are bound by the judgment in the case. *Ballaris,* 2001 WL 1335809 at *1; *Hargrove,* 1999 WL 1279651, at *3. Ultimately, before certifying a collective action, "the court must be satisfied there are number of potential members who desire to 'opt in'." *Hargrove,* 1999 WL 1279651, at *4 (citing *Dybach v. Florida Dep't of Corrections,* 942 F.2d 1562, 1567-68 (11th Cir.1991)).[3]

Two plaintiffs filed this action and, despite any certification or formal notice, four other Park employees, Rebecca Elroy, Teal Garrels, Elisabeth McElligott, and Bradford Bohrer, have filed consents to join in this action as collective members. Under the lenient standard applicable to conditional certifications of a collective action, the court finds Plaintiffs have met their burden of establishing similarly situated employees are interested in joining the action.

Defendants' argument that certification should be denied because the case has received substantial publicity is without merit. The two cases relied on by Defendants relate solely to the court's facilitation of notice and do not address the propriety of conditional certification. *See Bernard v. Household Int'l, Inc.*, 231 F. Supp. 2d 433 (E.D. Va. 2002)(plaintiffs sought approval of notice to class); *Watts v. Marion Cty.*, Civ. No. 94-1428-FR, 1995 WL 264189 (D. Or. 1995)(plaintiff moved for leave to mail notice of pendency of civil action to potential class members). Furthermore, both cases relied on notice previously provided by plaintiff to prospective class memebers in denying plaintiff's request for court-approved notice. *Bernard*, 231 F. Supp. 2d at 4 ("Plaintiffs have also utilized extensive advertisements in newspapers to reach Virginia employees."); *Watts*, 1995 WL 264189, at * 1 ("Watts has already sent a notice of pendency of this

[3]The court acknowledges a split of authority on the requirement of showing additional collective members wish to opt-in. However, in the absence of clear authority from the Ninth Circuit, the court declines to adopt such requirement.

action to all potential class members.")

Here the media attention Defendants rely upon was not generated by Plaintiffs, did not expressly inform prospective class members of their right to opt-in to the action, and did not provide instructions on how to opt-in. Furthermore, the articles were not as detailed and informative as the notice required under the Act and not written for the purposes served by an Act-compliant notice. Morever, the parties are litigating similar issues in both state and federal court and Act-compliant notice may be necessary to allow prospective class members to distinguish between the two actions and the issues being litigated in both. Finally, Plaintiffs move for conditional certification; any infirmities in the collective class subsequently exposed by discover can be addressed through a motion to decertify the class.

Plaintiffs have adequately established the existence of similarly situated plaintiffs who have expressed a desire to opt-in to this action. The media attention given this action and Defendants' tipping practices do not provide sufficient notice to prospective class members. Plaintiffs' motion to conditionally certify a collective action as described in their motion is granted. The notice provided to prospective class members shall be amended to include the names, addresses, phone and fax numbers, and email addresses of legal counsel for both Plaintiffs and Defendants.

II. Summary Judgment

Defendants move for summary judgment on Plaintiffs tip-pool claim, asserting Plaintiffs in reality have alleged a claim for stolen or unpaid tips which is not actionable under § 216(b). Plaintiffs contend Defendants' failure to pay them a proper share of the tip pool served to decrease their hourly wage below the federal minimum wage, resulting in a valid claim for unpaid minimum wages.

First, because of the ruling in *Perez*, Plaintiffs a viable tip-pool claim under § 203(m), because Defendants required them to participate in a tip pool with employees who do not customarily or regularly receive tips. As a result, the court reinstated Plaintiffs' tip-pool claim. Defendants now argue Plaintiffs are unable to establish a valid minimum wage violation despite the existence of an arguably valid tip-pool claim. In support of this argument, Defendants rely on the analysis of the Fourth Circuit in *Trejo v. Ryman Hosp. Props, Inc.*,795 F.3d 442 (4th Cir. 2015).

The employer in *Trejo* required its servers to participate in a tip pool which allowed the employer to redistribute a portion of the servers' tips to bartenders, server assistants, busboys and foodrunners. *Id*. at 445. The servers filed an action alleging the tip-pool arrangement violated § 203(m) by depriving them of all their earned tips and seeking recovery of the amount of tips taken by the employer. *Id*. There was no dispute the employer paid the servers the applicable minimum wage, even absent tips. *Id*.

The court noted an employee's rights under the Act are expressly limited to pursuing recovery of unpaid minimum wages or unpaid overtime compensation. Section 216(b) provides: "[a]ny employer who violates the provisions of section 6 or section 7 of this Act [29 U.S.C. § 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (2016). The court reasoned because the employees had been paid a minimum wage at all times, the employees did not have a private right of action under § 216(b) for unpaid minimum wages. *Id*. at 446.

The Fourth Circuit's conclusion was consistent with the arguments made by the Department of Labor in an *amicus* brief filed in *Trejo*. The Department posited:

> The record establishes that plaintiffs are not invoking the minimum wage or overtime provisions of the FLSA. To discharge its duty to the Court, DOL is constrained to point out that because plaintiffs are not pursuing minimum wage claims or overtime claims, but instead seek only to collect improperly withheld tips, they do not have a cause of action under the FLSA. There is no cause of action under the relevant provision, 29 U.S.C. § 216(b), for a freestanding "tip" claim under 29 U.S.C. § 203(m) that is divorced from a minimum wage claim or an overtime claim.

*Jahir v. Ryman Hosp. Inds. Inc.*, No. 14-1485, 2015 WL 191535, *12 (4th Cir. Appellate Brief, Jan. 2015).

*Trejo* is distinguishable from the case at hand. In *Trejo*, the plaintiffs limited their requested relief to "the amount of tip wages" taken by the employer. *Trejo*, 795 F.3d at 445. Here, Plaintiffs have clearly alleged a claim to recover unpaid minimum wages. (Compl. ¶ 13-14.) Moreover, the *Trejo* court did not address how forced participation in an invalid tip pool might affect a customarily tipped employee's minimum wage.

Here, the parties dispute the proper characterization of the amounts allegedly due Plaintiffs. Defendants claim such amounts should be characterized as unpaid tips, relying significantly on this court's previous ruling that Defendants paid Plaintiffs an hourly wage in excess of the federal minimum wage at all times. The court's prior ruling was limited to the context of an invalid tip pool claim in light of the law existing before *Perez*. The parties did not address in the briefs or at oral argument, and the court did not consider, what effect required participation in an invalid tip pool had on a customarily tipped employee's minimum wage.

Plaintiffs contend that to the extent Defendants failed to pay them the full amount of the tips to which they were entitled, their minimum wage was decreased sufficiently to fall below the federal minimum wage. Rather than characterizing as "unpaid" the tips improperly paid to traditionally non-tipped employees, Plaintiffs view them as a condition of their employment, a "payment" in exchange

for the opportunity to work which, they argue, effectively reduced their wages to below minimum wage. In other words, by subtracting the from their hourly wage the portion of the tips retained by Defendants and paid to non-customarily tipped employees, Plaintiffs' hourly wages were reduced to below the federal minimum wage. Plaintiffs argue the practical outcome of the invalid tip pool requires Plaintiffs to pay Defendants for the right to work. The court agrees.

Department regulations provide:

> Whether in cash or facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act.

29 C.F.R § 531.35 (2016). In summary, any amount an employer requires an employee to contribute from their own money for the employer's benefit will serve to decrease the employee's hourly rate.

Department regulations further provide: "[t]ips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m)." 29 C.F.R. §531.52 (2016). Section 3(m), or 29 U.S.C. § 203(m), allows employers to pool tips "among employees who customarily and regularly receive tips." Defendants' tip pool included employees who did not customarily and regularly receive tips. Accordingly, all of the tips given to Plaintiffs by their customers became the property of Plaintiffs at the time such tips were given. For purposes of illustration, the court will view such

tips as being deposited in Plaintiffs' bank account at the time of receipt.

When Defendants issued paychecks, they paid all relevant employees a hourly wage in excess of the federal minimum wage. However, to receive that wage, customarily tipped employees essentially had to withdraw tips previously deposited in their bank accounts and give such funds to back-of-house staff or managers for the ultimate benefit of Defendants. These payments, just as a payment to a third-party to purchase one's work uniform, served to decrease the hourly wage paid by Defendants to the customarily tipped employees. To the extent these payments decreased the effective hourly wage to a rate below the federal minimum wage, Defendants violated the minimum wage provisions of the Act.

This finding is consistent with the analysis of the Department in a Opinion Letter construing the Act (the "Opinion Letter"). Opinion Letter Fair Labor Standards Act, WH-536, 1989 WL 610348 (U.S. Dept. of Labor Oct. 26, 1989). In the Opinion Letter, the Department considered a question regarding the applicability of the Act to employer-imposed, tip-pooling arrangements among employees who do not customarily and regularly receive tips. *Id*. at *1-2. The Department explained:

> Where the employer does not claim a tip credit under section 3(m) of the Act, the pooling of tips among employees would become an issue under the minimum wage provision of the Act only if both (1) such pooling deprives a tipped employee of any amount of the tips such employee actually received <u>and</u> (2) the employer does not pay a sufficiently high cash wage to reimburse such employee for such loss, plus at least the minimum wage of $3.35 per hour. *The courts have made clear that tips are the property of the employee to whom they are given. In this circumstance, therefore, if there is not a valid tip pool, the employee would in effect contribute part of his or her property to the employer or to other persons for the benefit of the employer, with the result that the employee would not have received the full minimum wage "free and clear," as required by section 531. 35 of Regulations 29 CFR Part 531.*

* * *

> The following examples demonstrate the application of the these principles in two cases. In the first, the arrangement would not violate the minimum wage provisions of the Act. In the second, the arrangement could violate the Act's minimum wage provisions. For purposes of both examples, assume that the hypothetical employee is paid a $5.00 hourly wage and averages $10.00 per hour in tips.
>
> * * *
>
> (1) The employer diverts $1.00 of the employee's tips to other employees. There would be no minimum wage violation since the net amount received by the employee ($9.00 tips plus $5.00 wage = $14.00) is in excess of the total amount of tips plus $3.35 ($13.35).
>
> (2) The amount of the diversion is $3.00 instead of $1.00 per hour. Here there could be a minimum wage violation of $1.35 per hour since the net amount received by the employee ($7.00 tips plus $.500 wages = $12.00) is less than the total amount of tips plus $3.35.
>
> Where the second situation arises, therefore, it would be necessary to determine whether the diversion of tips is proper for purposes of the Fair Labor Standards Act. Although section 3(m) concerns the circumstances in which a tip credit can be taken, it also provides guidance on the circumstances in which a requirement that employees contribute a portion of their tips to other employees would be an improper deduction from wages for purposes of compliance with section 6 of the Act. In section 3(m) Congress recognized the practice of the pooling of tips "among employees who customarily and regularly receive tips." It therefore follows that employees who participate in a valid tip pool would not be considered to have rebated the pooled tips originally received by them, for purposes of compliance with section 6(a) of FLSA.
>
> On the other hand, where tips are redistributed to employees who do not customarily and regularly receive tips . . ., an employee who has originally received tips will be considered to have contributed all such improperly redistributed tips to the employer for purposes of determining whether he or she has received the minimum wage, free and clear.

*Id.* at *2-3 (italics added).

The court is aware that three courts addressing this specific issue have found contrary to the court's conclusion here. However, all three decisions predate the promulgation of the 2011 Rule and *Perez's* determination that the 2011 Rule is valid. Thus, the court finds inapplicable the three

contrary decisions.

In *Platek v. Duquesne Club*, 961 F. Supp. 835, 838 (W.D. Pa. 1995), the court reasoned the "free-and-clear" regulation expressly applies only to wages, the Act distinguishes between wages and tips, and the wages and tips actually received by an employee should be considered together when determining if a violation of the federal minimum wage provisions had occurred. However, the court found incorrect plaintiffs' assumption that all of the tips were their property, based on the existence of an agreement allowing the employer to take control of a portion of the tip pool, and therefore refused to follow the analysis in the Opinion Letter. *Id*. at 839. Judge King of this court adopted the reasoning and analysis set forth in *Platek* in finding the evidence presented to him established plaintiffs were paid more than a federal minimum wage for their on-the-clock hours, and the relevant tip pool did not violate the free and clear regulation. *Cooper v. Thomason*, Civil Case No. 06-1018-KI, 2007 WL 306311 (D. Or. Jan. 26, 2007).

Finally, the Ninth Circuit found the ownership of a tip was predicated on the existence of an agreement to redistribute (or a tip pool arrangement) that was not barred by the Act. *Cumbie*, 596 F.3d at 582. The court interpreted the Act to restrict tip pooling only when a tip credit is taken and found because the tips redistributed to the other employees in the tip pool did not belong to the plaintiff, her contributions to the tip pool did not reduce her hourly wages below the minimum wage. *Id*. In so doing, the court rejected the Department's argument that "if the tipped employees did not receive the full minimum wage plus all tips received, they cannot be deemed under federal law to have received the minimum wage 'free and clear' and the money diverted into the invalid tip pool is an improper deduction from wages that violates section [20]6 of the Act," a position consistent with the Opinion Letter and the conclusion of this court. *Id*.

Defendants argue *Cumbie* establishes the existence of two distinct "ledgers" for tip and wages, and that a decrease in tips will never result in a decrease in wages. Defendants also argue *Perez* did not alter the outcome of *Cumbie* except to the extent it implies Rule 2011 is not entitled *Chevron* deference. A careful reading of *Cumbie* belies Defendants' argument.

In *Cumbie*, the court reasoned because 29 C.F.R. § 531.35 applies only when tips belong to the employees to whom they are given, the ownership of the tips was controlling. *Id*. The court acknowledged "tips belong to the servers to whom they are given only 'in the absence of an explicit contrary understanding' that is not otherwise prohibited. Hence, whether a server owns her tips depends on whether there existed an agreement to redistribute her tips that was not barred by the FLSA." *Id*. It then found the existence of a tip-pooling agreement transferred ownership of the tips to the employer and that "only the tips redistributed to Cumbie from the pool ever belonged to her, and her contributions to the pool did not, and could not, reduce her wages below the statutory minimum." *Id*. However, this conclusion was based on the court's finding "[t]he FLSA does not restrict tip pooling when no tip credit is taken," a finding expressly rejected in *Perez*. *Id*.

In *Perez*, the court summarized the holding in *Cumbie*, that a tip pool comprising both customarily tipped and employees and non-customarily tipped employees, did not "violate section 203(m) of the FLSA, because section 203(m) was silent as to employers who do not take a tip credit" and acknowledged the subsequent promulgation of Rule 2011, "that extended the tip pool restrictions of section 203(m) to all employers, not just those who take a tip credit." *Perez*, 816 F.3d at 1082. The court then engaged in a *Chevron* analysis and found the Department had the authority to issue Rule 2011. *Id*. at 1090. The court did not overrule *Cumbie* to the extent the decision was grounded in statutory silence and did not consider the enforceability of Rule 2011. *Id*.

After *Perez*, the tip-pooling arrangement in *Cumbie* must be considered in light of § 203(m). The tip-pooling arrangement was clearly invalid under § 203(m), which effectively prohibits tip pools that include employees who do not customarily and regularly receive tips. To the extent *Cumbie* was based on the validity of the tip pool, it is no longer good law. Additionally, as the *Cumbie* court found the plaintiff did not own her tips because the tip-pooling arrangement was not barred under the Act, the holding is distinguishable from the case currently before the court.

Plaintiffs have presented evidence that, in at least one payroll period, Defendants' tip-pool requirement decreased a plaintiff's effective hourly rate below the federal minimum wage based on a calculation involving the total tips accumulated during the payroll period, the amount paid to employees not customarily tipped, and the share of tips to which Plaintiffs were entitled based on hours worked. (Egan Decl., ECF No. 120, Ex. 1.) Without finding this method of calculation correctly establishes the proper apportionment of damages between Plaintiffs, the court considers the evidence sufficient to find Defendants violated the minimum wage provision of the Act by requiring Plaintiffs to participate in an invalid tip pool, resulting in an effective hourly wage rate below the federal minimum in at least one instance. Defendants' motion for partial summary judgment on Plaintiffs' First Claim alleging a minimum wage violation based on required participation in an invalid tip pool fails and Plaintiffs' cross-motion for partial summary judgment on the same claim is well-taken.

*Conclusion*

Plaintiffs' motion (ECF No. 92) to conditionally certify this case as a collective action under the Act is GRANTED with the requirement Plaintiffs include the names and contact information for legal counsel representing Plaintiffs and Defendants. Defendants' motion (ECF No. 103) for partial

summary judgment on Plaintiffs' First Claim for Relief is DENIED. Plaintiffs' cross-motion for summary judgment on their federal minimum wage claim based on required participation in an invalid tip pool is granted with regard to liability only.

DATED this 28th day of September, 2016.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge