UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NANCY ALLISON and HOLLY BURNEY, both in their individual capacities and, in addition, as a collective action on behalf of others similarly situated,<br><br>           Plaintiffs,<br>    v.<br><br>SCOTT DOLICH and ANNA JOSEPHSON, individuals; and PARK KITCHEN LLC and THE BENT BRICK, LLC, Oregon limited liability companies,<br><br>           Defendants. | Case No.: 3:14-CV-1005-AC<br><br>OPINION AND ORDER |

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiffs Nancy Allison ("Allison") and Holly Burney ("Burney") (collectively "Plaintiffs") brought this collective action against their prior employer seeking damages for violations of the Fair

Labor Standards Act (29 U.S.C. §§ 201 - 219) (the "Act").[1] Defendants Scott Dolich, Anna Josephson, Park Kitchen LLC, and The Bent Brick (collectively "Defendants") indicated an intent to invoke an advice of counsel defense with regard to Plaintiffs' tip pool claims. Currently before the court is Plaintiffs' motion to compel documents and deposition testimony from Defendants and subpoenaed party Anthony Moschenbacher related to this defense.

*Legal Standard*

Rule 26 governs discovery in federal civil cases, the scope of which includes "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1) (2017). For material to be discoverable, it need not be admissible in court. *Id*. If a party fails to produce discoverable material requested by a party, the requesting party – after giving notice and an attempt to confer – may "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1) (2017).

*Discussion*

Plaintiffs seek documents and information relied on by Defendants in determining whether their actions taken with regard to the shared tip pools were legal, reasonable, and in good faith, as well as a second deposition of attorney Moschenbacher to answer questions he refused to answer in his first deposition based on a work-product privilege or scope-of-waiver objection. Plaintiffs claim this discovery is relevant to the statute of limitations, which is based on the wilfulness of the underlying violation; immunity under 29 U.S.C. § 259, which requires "good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or

---

[1] Plaintiffs also alleged individual claims for retaliation based on their termination after complaining about the alleged violations, which are not relevant to the issues currently before the court.

interpretation of [the Administrator of the Wage and Hour Division of the Department of Labor], or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged"; liquidated damages under 29 U.S.C. 260, which is reliant on an employers good faith and reasonable belief his actions did not violate the Act; and the advice-of-counsel defense, which is supported with evidence of a request for advice, full disclosure of relevant facts, receipt of advice, and good faith reliance on such advice. Plaintiffs argue that by asserting the advice of counsel defense, Defendants waive any attorney-client and work-product privilege with regard to communications between the parties as well as underlying documents. Defendants assert they have already provided Plaintiffs with copies of all communications between Defendants and Motschenbacher related to the request he research the legality of shared tip pools and have, accordingly, complied with Defendants' express waiver of the attorney-client privilege and applicable law.

The court agrees with Defendants and finds the analysis found in *In re EchoStar Corp.*, 448 F.3d 1294 (Fed. Cir. 2006) controlling. In *EchoStar*, the Federal Circuit held the assertion of an advice-of-counsel defense effectively waives both the attorney-client and work-product privileges with regard to communications between the defendant and the attorney offering the advice. *Id*. at 1303-04. "[W]hen a party relies on the advice-of-counsel as a defense . . . the party waives its attorney client privilege for all communications between the attorney and client, including any documentary communications such as opinion letters and memoranda." *Id*. at 1302. The pivotal inquiry is what the defendant knew or believed at the time of the alleged wrongful behavior. *Id*. at 1303. Items prepared by, or discussed between counsel, but not communicated with the defendant are not relevant and, consequently, not discoverable. *Id*. Here, Defendants represent they have

provided Plaintiffs with all communications between them and their counsel related to the legality of the shared tip pools. Plaintiffs are not entitled to anything more.

To the extent Judge Redden's discussion in *Adidas America, Inc. v. Payless Shoesource, Inc.*, No. CV 01-1655-RE, 2006 WL 2999739 (D. Or. Oct. 19, 2006), is inconsistent with this holding, the court rejects it. Judge Redden found the production of work product not disclosed to the defendant "could lead to relevant and admissible evidence as to Defendant's state of mind. . . ," "may help to evaluate the reasonableness of the Defendant's reliance on the advice of counsel," and "may also lead to the development of circumstantial evidence of conflicting or contradictory opinions." *Adidas*, 2006 WL 2999739, at *1-*2. This analysis complies with the prior version of Rule 26, which authorized the production of evidence "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1) (2015). However, it is not supported by the current version of the Rule, which requires discoverable evidence be relevant to a claim or defense, and not merely likely to lead to such relevant evidence.

*Conclusion*

Plaintiffs' motion (ECF No. 165) to compel is DENIED.[2]

DATED this 6th day of July, 2017.

                                                  /s/ John V. Acosta
                                                      JOHN V. ACOSTA
                                        United States Magistrate Judge

---

[2] Plaintiffs requested oral argument in their motion. The court finds this motion appropriate for disposition without oral argument pursuant to LR 7-1(d)(1) and denies the request.