UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NANCY ALLISON and HOLLY BURNEY, both in their individual capacities and, in addition, as a collective action on behalf of others similarly situated,<br><br>      Plaintiffs,<br>  v.<br><br>SCOTT DOLICH and ANNA JOSEPHSON, individuals, and PARK KITCHEN LLC, an Oregon limited liability company,<br><br>      Defendants. | Case No.: 3:14-CV-1005-AC<br><br>OPINION AND ORDER |

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiffs Nancy Allison ("Allison") and Holly Burney ("Burney") (collectively "Plaintiffs")

seek clarification, or reconsideration, of the court's ruling on their motion to compel documents and

deposition testimony from Defendants and subpoenaed party Anthony Motschenbacher related to an advise of counsel defense (the "Motion"). In an opinion and order filed July 7, 2016, the court denied the Motion, finding Plaintiffs were entitled only to information communicated to Defendants by counsel and relying on Defendants' representation they have already provided Plaintiffs with copies of all communications between Defendants and Motschenbacher related to the request Motschenbacher research the legality of shared tip pools (the "Order"). *Allison v. Dolich*, Case No. 14-CV-1005-AC, 2017 WL 2901930 (D. Or. July 7, 2017). Plaintiffs do not attack this ruling but merely request the court address the remainder of the Motion – "the motion to compel the discovery of advice given by Mr. Motschenbacher, Barran Liebman, or Stoel Rives to defendants about the legality of the tip pool after March 17, 2014 (the date of Mr. Motschenbacher's opinion letter)." (Pls.' Mot. to Clarify and/or Reconsider, ECF No. 208, at 1.)

*Legal Standard*

So long as a court has jurisdiction over a case, "it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2011); *see also* FED. R. CIV. P. 54(b) (2017)("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment . . . .") However, reconsideration is "an extraordinary remedy, to be used sparingly . . . ," *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), and a motion to reconsider should not be used to implore the court to rethink matters already decided. *Century Indem. Co. v. The Marine Grp., LLC*, No. 3:08-CV-1375-AC, 2016 WL 96147, at *2 (D. Or. Jan. 7, 2016) (citing *Motorola Inc. v.*

*J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 582 (D. Az. 2003)). A court should reconsider its earlier decision only if it: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AcandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

*Discussion*

Upon review of the Motion and the Order, the court agrees it failed to address the entirety of the relief requested in the Motion. Consequently, the court finds its committed clear error in the Order, or the Order was manifestly unjust, and grants Plaintiffs' motion for reconsideration. Upon reconsideration, the court adopts the analysis contained in the Order and applies it to Plaintiffs' request for communications between Defendants and their legal counsel after Motschenbacher's March 17, 2014 opinion letter.[1]

Specifically, Plaintiffs are entitled to the production of all objective communications exchanged between Defendants and their legal counsel, namely Motschenbacher, Barran Liebman, or Stoel Rives, after March 17, 2014, with regard to the legality of the tip pool under then existing case law, statutes, regulations, or rules. To the extent Motschenbacher refused to answer questions regarding such objective communications in his first deposition, Plaintiffs may seek such answers in a second deposition of Motschenbacher. Plaintiffs are not, however, entitled to the discovery of subjective communications involving the interpretation or application of the content of such communications or opinions to the pending litigation.

Plaintiffs additionally ask the court to conduct in-camera review of the documents identified

---

[1] Plaintiffs requested oral argument in the Motion. The court finds the Motion appropriate for disposition without oral argument pursuant to LR 7-1(d)(1) and denies the request.

in Motschenbacher's privilege log. Plaintiffs assert internal communications among legal counsel may be relevant to the extent they restrict the requested legal advice to that favorable to Defendants, rather than a neutral evaluation of the legality of Defendants' tip-pool policy. Plaintiffs' request is impliedly limited to email correspondence between Motschenbacher and Jeffrey Crosswhite from March 12, 2014, to March 16, 2014, and a March 16, 2014 memorandum from Crosswhite to Motschenbacher. (Egan Decl. dated April 19, 2017, ECF No. 167, Ex. 5.) The court agrees to conduct in-camera review of these six documents.

*Conclusion*

Plaintiffs' motion (ECF No. 208) for reconsideration is GRANTED. Plaintiffs are entitled to the production of objective communications exchanged between Defendants and their legal counsel after March 17, 2014, with regard to the legality of the tip pool under then existing case law, statutes, regulations, or rules, including a second deposition of Motschenbacher, if appropriate. Additionally, the court will conduct in-camera review of the six documents identified in Motschenbacher's privilege log dated from March 12, 2014, to March 16, 2014. Defendants are ordered to provide these documents directly to the court for such review.

DATED this 7th day of February, 2018.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge